IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

---

**RYAN CHRISTOPHER EDNER,**

    Plaintiff,

v.

**KEITH ELLISON,** in his official capacities as Attorney General of Minnesota;
**DREW H. WRIGLEY,** in his official capacities as Attorney General of North Dakota
**TIM WALZ,** in his official capacities as Governor of Minnesota;
**DOUG BURGUM,** in his official capacities as Governor of North Dakota;
**STEVE SIMON,** in his official capacities as Secretary of State of Minnesota;
**JUDGE MICHELLE DIETRICH,** in her individual capacity;
**JUDGE BRADLEY A. CRUFF,** in his individual capacity;
**JENNA M. PETERSON,** in her individual and official capacities;
**MEGAN ELIZABETH KUMMER,** in her individual and official capacities;
**DON KRASSIN,** in his individual and official capacities;
**PATRICIA AMBERG,** in her individual and official capacities;
**JASON JACOBSON,** in his individual and official capacities;
**REDWOOD COUNTY, MN;** in official capacity a municipal corporation;
**RICHLAND COUNTY, ND;** in official capacity a political subdivision of the State of North Dakota;
**THOMES BAIL BONDS;** official capacity licensed surety company Minn. Stat. §§ 629.53–.68 and
N.D.C.C. Ch. 26-7;
**THOMAS NOLAN,** in his individual and official capacities as Court-Appointed Defense Advisor;
**BUFFALO RIDGE DRUG TASK FORCE,** official capacity a multi-jurisdictional law enforcement
entity operating under the authority of the State of Minnesota;
**REDWOOD COUNTY SHERIFF'S DEPARTMENT,** official capacity a law enforcement agency
operating under the authority of Redwood County, Minnesota;
**RICHLAND COUNTY SHERIFF'S DEPARTMENT,** official capacity a law enforcement agency
operating under the authority of Richland County, North Dakota;
**REDWOOD COUNTY PUBLIC DEFENDER'S OFFICE,** official capacity entity operating under the
authority of the State of Minnesota;
**RICHLAND COUNTY PUBLIC DEFENDER'S OFFICE,** official capacity entity operating under the
authority of the State of North Dakota;
**and DOES 1–10,** inclusive,

    Defendants.

Civil No._____

# COMPLAINT

# FOR DAMAGES AND DEMAND FOR JURY TRIAL

---

1    Plaintiff **Ryan Christopher Edner**, proceeding *pro se*, brings this action under

2    42 U.S.C. §§ 1983, 1985, and 1988, the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth

3    Amendments to the United States Constitution**,** and the doctrines established by Ex parte

4    Young and Monell v. Department of Social Services. This Court has jurisdiction pursuant

5    to 28 U.S.C. §§ 1331 and 1343 to seek redress for constitutional violations arising from

6    his unlawful arrest, detention, and extradition.

7    The claims presented concern the misuse of legal authority by state and local

8    officials in **Minnesota** and **North Dakota**, who—through official capacity and

9    coordinated actions—engaged in conduct that deprived Plaintiff of his constitutional

10    rights.

11    This case challenges state actors' deliberate failure to meet fundamental

12    evidentiary standards while continuing a prosecution devoid of scientific validation,

13    culminating in Plaintiff's extradition despite an active habeas appeal. The misconduct

14    alleged reflects not isolated errors, but systemic practices carried out under color of law,

15    resulting in direct and ongoing harm to Plaintiff's liberty, due process rights, and access

16    to justice.

17    Plaintiff seeks compensatory and punitive damages, declaratory and injunctive

18    relief, and any other remedy this Court deems just. Under Rule 38 of the Federal Rules of

19    Civil Procedure, **Plaintiff demands a trial by jury on all claims so triable.**

20    _____

21    **A.    PRELIMINARY STATEMENT**

22    Plaintiff Ryan Christopher Edner brings this civil-rights action to redress a

23    sustained course of constitutional violations committed by public officials in Minnesota

24    and North Dakota between September 2015 and the present. Defendants—including

25    county sheriffs, prosecutors, judges, court administrators, and state executives—initiated

26    and maintained criminal charges without probable cause, fabricated laboratory

27    documentation, and secured Plaintiff's interstate extradition on February 7 2024 while a

28    habeas appeal was pending.

29            On **September 5, 2015**, officers obtained a search warrant—not directed at

30    Mr. Ryan Edner—that Plaintiff alleges was not only forged but fabricated to justify an

31    unlawful search and seizure where no probable cause existed; the ensuing charges relied

32    solely on a visual identification of plant material because no chemical analysis was

33    performed.

34            On **January 24 2024**, officials filed a Governor's Warrant in North Dakota that

35    misstated the procedural history by omitting nearly a decade of prior prosecution and

36    judicial proceedings, leading directly to the unconstitutional extradition executed in

37    North Dakota.

38            On **August 30, 2024**, all charges against Plaintiff were dismissed after the State

39    failed to produce any valid chemical analysis of the alleged controlled substance,

40    rendering it legally unable to sustain a conviction

41            Throughout this period, Defendants concealed material evidence, misrepresented

42    the basis for the charges, and manipulated court processes. These acts obstructed

43    Plaintiff's access to judicial review, retaliated against his protected legal advocacy, and

44    prolonged unlawful restraints on his liberty. Plaintiff filed a Petition for Writ of Certiorari

45    with SCOTUS assigned case #24-6794.

46      Liability is sought against (i) the individual actors for their personal participation

47 and (ii) Redwood County, Richland County, and the executive departments of Minnesota

48 and North Dakota for policies and customs that enabled the misconduct.

49      Plaintiff further alleges that court personnel imposed arbitrary procedural barriers

50 because he proceeded pro se, an **obfuscation by design** denying him equal protection and

51 meaningful access to the courts.

52      Plaintiff seeks compensatory and punitive damages, declaratory and injunctive

53 relief, and any other remedy this Court deems just. Plaintiff engaged in extensive good-

54 faith efforts to resolve this matter prior to initiating litigation, including formal

55 correspondences transmitted to Defendants on May 5th, 2025, pursuant to Federal Rule

56 of Evidence 408. Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

57 demands a trial by jury on all claims so triable.

58 ————————————————————————————————————————

59 **B. BACKGROUND AND SUMMARY OF CLAIMS**

60      **I. Timeframe and Core Event**

61 1. This action concerns events occurring between **September 2015** and **February 7,**

62    **2024**, culminating in the **extradition of Plaintiff Ryan Christopher Edner** from

63    North Dakota to Minnesota.

64 ————————————————————————————————————————

65      **II. Conduct at Issue**

66 2. During that period, officials in both states—along with certain private actors—

67    engaged in the following conduct under color of law:

68      •   Initiated and continued criminal proceedings without laboratory
69        confirmation of the alleged controlled substance;
70      •   Relied on a Governor's Warrant that omitted key procedural facts and
71        cited only stale 2015 charges;
72      •   Withheld or delayed material documents, including laboratory worksheets;
73      •   Transported Plaintiff during an active habeas appeal, and ignored
74        documented medical needs while he was in custody.

75 ——————————————————————————————————————

## III. Legal Theories

77   3.   Plaintiff asserts violations of the **First, Fourth, Fifth, Sixth, Eighth, and**
78      **Fourteenth Amendments**, actionable under **42 U.S.C. §§ 1983, 1985, and 1988**.
79      The claims include, but are not limited to:
80      •   Deprivation of liberty without due process;
81      •   Obstruction of access to the courts and retaliation for protected litigation;
82      •   Equal protection and due process violations stemming from differential
83        treatment as a pro se litigant;
84      •   Deliberate indifference to serious medical needs;
85      •   Conspiracy and municipal liability based on customs, policies, or failure to
86        supervise.

87 ——————————————————————————————————————

## IV. Relief Requested

89   4.   Plaintiff seeks **compensatory and punitive damages, declaratory and**
90      **injunctive relief, costs**, and a **jury trial** on all triable issues.

91    ——————————————————————————————————

92    **V. Governor's Warrant Context and Procedural Misconduct**

93    5.  On **January 24, 2024**, officials from Minnesota initiated the issuance of a

94    **Governor's Warrant** requesting the extradition of Ryan Christopher Edner from

95    North Dakota. The warrant cited only the original **September 5, 2015** charges,

96    which arose from a search where **no chemical analysis** was ever performed to

97    confirm the presence of a controlled substance.

98    6.  The warrant **omitted reference to a previously issued Failure-to-Appear**

99    **(FTA) warrant**, which itself failed to state "failure to appear" as its legal basis—

100    leaving its validity in question. These omissions obscured the procedural posture

101    of the case and excluded mention of Plaintiff's active appeals and pending habeas

102    filings.

103    7.  By **excluding nearly a decade of litigation history**, including repeated requests

104    for chemical testing and suppression of lab evidence, the warrant presented **a**

105    **materially misleading account** to North Dakota authorities. That

106    misrepresentation facilitated Plaintiff's extradition under a constitutionally

107    defective premise.

108    8.  This concealment reflected a **broader pattern of misconduct** dating back to

109    **2020**, when the court failed to rule on filings that—if adjudicated—would have

110    required dismissal. In **December 17th, 2020**, **Judge Rohland recused**, and the

111    case was reassigned to **Judge Michelle Dietrich on December 17, 2020** , who

112    presided through the **August 30, 2024** dismissal for lack of evidence.

113    9. On December 17, 2020 Judge Rohland acknowledged the Plaintiff filed a **Motion**

114       **to Dismiss along with his Motion to Recuse** citing *State v. Vail*, 274 N.W.2d

115       127, 133 (Minn. 1979), and *Jackson v. Virginia*, 443 U.S. 307, 316–19 (1979),

116       arguing that **no chemical analysis had been conducted**, rendering conviction

117       legally impossible. Judge Dietrich **never ruled on the motion and never**

118       **adjudicated the issues it raised** upon acknowledging the filing March 21st, 2021.

119       *See 64-CR-15-649 index 149-160 December 17, 2020 through March 21st, 2021.*

120    10. Upon information and belief, **Judge Dietrich knew the State lacked chemical**

121       **analysis** and participated in **concealing that fact from the court and Plaintiff**,

122       thereby enabling the prosecution to proceed for four additional years. From **2020**

123       **through August 30, 2024**, Dietrich allowed the case to move forward on

124       **scientifically unsupported charges**, until the State itself dismissed the

125       prosecution due to **lack of evidence**.

126    11. These omissions were not clerical—they demonstrate a **deliberate pattern of**

127       **procedural manipulation** intended to evade judicial scrutiny and prolong an

128       unfounded prosecution. The **use of the Governor's Warrant**, grounded in

129       misrepresentation and concealment, forms a **central basis for Plaintiff's § 1983**

130       **claims**.

131    ——————————————————————————————————————

132    **C. JURISDICTION, VENUE & TIMELINESS (¶¶ 1–22)**

133    **Subject-Matter Jurisdiction**

134     1.   This Court has federal question jurisdiction under **28 U.S.C. §§ 1331** and

135     **1343(a)(3)–(4),** as this action arises under the Constitution and federal civil rights

136     statutes, including **42 U.S.C. §§ 1983 and 1985.**

137     2.   Supplemental jurisdiction exists over related state-law claims pursuant to **28**

138     **U.S.C. § 1367(a).**

139   **Official Capacity Immunity / Prospective Relief**

140     3.   Plaintiff seeks only **prospective declaratory and injunctive relief** against the

141     Governors and Attorneys General in their official capacities, consistent with the

142     doctrine of **Ex parte Young**, 209 U.S. 123 (1908). All requests for monetary

143     damages are asserted against those officials solely in their individual capacities,

144     thereby avoiding any **Eleventh Amendment** bar. See *Edelman v. Jordan*, 415

145     U.S. 651, 663 (1974).

146   **Venue (28 U.S.C. § 1391(b))**

147     4.   Venue is proper in the Southeastern Division of the U.S. District Court for the

148     District of North Dakota under **28 U.S.C. § 1391(b)(2)** because a substantial part

149     of the events giving rise to the claims occurred in **Richland County**:

150     a. Plaintiff's **December 22, 2023 arrest**, **January 31, 2024 habeas filing**,

151     **February 7, 2024 surrender**, and all resulting detention and medical harm

152     occurred in **Wahpeton**, Richland County.

153     b. Key defendants—including **Judge Cruff, State's Attorney Kummer**, the

154     **Richland County Sheriff's Department & Public Defenders Office**, and

155     **Thomes Bail Bonds**—reside or operate in this district.

156     c. Although additional misconduct occurred in **Redwood County, Minnesota**,

157    venue remains proper because **§ 1391(b)(2)** requires only "**a substantial part**," not

158    the "most substantial," of events to occur in the forum. See *Setco Enters. Corp. v.*

159    *Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994).

160    **Personal Jurisdiction Over Minnesota Defendants**

161    5.   Minnesota-based defendants **purposefully directed their conduct at North**

162    **Dakota**, satisfying the "**effects test**" under **Calder v. Jones**, 465 U.S. 783 (1984),

163    and the **minimum contacts test** under **Walden v. Fiore**, 571 U.S. 277, 284–86

164    (2014). These intentional, forum-targeted actions included:

165    •   Issuing and executing a **fraudulent Governor's Warrant** knowing it

166    would be served in North Dakota;

167    •   Transmitting **materially misleading affidavits** into North Dakota courts;

168    and

169    •   Actively participating in Plaintiff's wrongful **detention and extradition**

170    in North Dakota.

171    **Statute of Limitations – Discovery Rule & Tolling**

172    6.   North Dakota's **two-year limitations period** for personal injury actions,

173    **N.D.C.C. § 28-01-18(1)**, governs all federal claims brought under **§ 1983** and **§**

174    **1985**. See *Wilson v. Garcia*, 471 U.S. 261, 276–80 (1985). A § 1983 claim

175    accrues when the plaintiff knows or has reason to know of the injury. *Wallace v.*

176    *Kato*, 549 U.S. 384, 388 (2007).

177    7.   Accrual was delayed by **fraudulent concealment** and **delayed discovery** of key

178    constitutional violations:

179     a. Fabricated laboratory evidence was first discoverable on **June 17, 2016**, with

180     disclosure of a belated BCA worksheet.

181     b. The **Governor's Warrant concealment** became knowable only on **January**

182     **24, 2024**, when North Dakota's docket revealed what Minnesota had withheld.

183     c. **Medical indifference injuries** occurred during Plaintiff's detention from

184     **December 22, 2023 to February 7, 2024**.

185     d. The **retaliatory extradition** culminated on **February 7, 2024**.

186     e. The prosecution was **terminated in Plaintiff's favor** on **August 30, 2024**,

187     satisfying the **favorable termination** rule for malicious prosecution claims. *Heck*

188     *v. Humphrey*, 512 U.S. 477, 484–87 (1994).

189     8. Under the **continuing violation doctrine**, the State's reliance on falsified

190     evidence and **ongoing concealment of court records** extended the limitations

191     period through at least **August 30, 2024**. Plaintiff filed this action **within two**

192     **years** of each first-discoverable injury; all counts are therefore **timely**. See

193     *Montin v. Estate of Johnson*, 636 F.3d 409, 414 (8th Cir. 2011).

194     **Conclusion**

195     9. This Court has:

196     • **Subject matter jurisdiction** under 28 U.S.C. §§ 1331, 1343;

197     • **Personal jurisdiction** over out-of-state actors based on targeted

198     misconduct;

199     • **Venue** under 28 U.S.C. § 1391(b)(2); and

200      •   A **timely complaint** under both statutory and equitable tolling doctrines.

201           Sovereign immunity is not implicated, as **no monetary damages are**

202           **sought against state officials in their official capacities.**

203 ————————————————————————————————————

204 **D. LIST OF PARTIES**

205 **State Executive Defendants – Official Capacity (Prospective Relief Only)**

206     1.  **Governor Doug Burgum (ND), Governor Tim Walz (MN)**, and **Minnesota**

207         **Secretary of State Steve Simon** are sued **solely for declaratory and injunctive**

208         **relief** to compel correction of **extradition records** and prevent recurrence of

209         these violations. *Ex parte Young*, 209 U.S. 123 (1908).

210     2.  **Attorney General Keith Ellison (MN)** and **Attorney General Drew Wrigley**

211         **(ND)** are also named only for **prospective relief**, including **evidence**

212         **preservation** and cessation of legal defense of **known forged warrants.** See

213         *Green v. Mansour*, 474 U.S. 64, 68 (1985).

214 ————————————————————————————————————

215 **Individual Capacity Defendants**

216     3.  **Sheriff Jason Jacobson (Redwood Co., MN)** is sued only for non-judicial

217         conduct—e.g., executing a September 2015 residential search in which Plaintiff

218         Ryan Edner, not named in the warrant, was unlawfully detained and subjected to a

219         warrantless search of his private bedroom; facilitating unconstitutional seizure;

220         and initiating a chain of events that culminated in wrongful prosecution and

221         extradition—acts outside the protective scope of qualified immunity. *Ybarra v.*

222         *Illinois*, 444 U.S. 85, 91 (1979); *Maryland v. Garrison*, 480 U.S. 79, 84 (1987);

223         *Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963). Sheriff Jason Jacobson,

224         in his official capacity as the Redwood County Sheriff, is also sued for

225         prospective declaratory and injunctive relief under Ex parte Young, 209 U.S. 123

226         (1908), and 42 U.S.C. § 1983, ordering that his office (a) preserve all evidence

227         and records of warrant affidavits, (b) correct any faulty entries in the county

228         register, and (c) adopt and publish written warrant-verification protocols.

229    4.   **County Attorney Jenna M. Peterson (Redwood Co.)** and **State's Attorney**

230         **Megan E. Kummer (Richland Co.)** are sued only for **non-advocative**

231         **conduct**—e.g., falsifying laboratory records, suppressing exculpatory evidence,

232         intentional misrepresentation of facts and submitting fraudulent extradition

233         paperwork—acts outside the prosecutorial core functions that receive absolute

234         immunity. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Buckley v.*

235         *Fitzsimmons*, 509 U.S. 259, 273–75 (1993). The Plaintiff also seeks prospective

236         **injunctive and declaratory** relief against both **Offices of the County Attorneys**,

237         ordering them to preserve all evidence, correct case records, and revise its internal

238         warrant-verification procedures. *42 U.S.C. § 1983, Ex parte Young, 209 U.S. 123,*

239         *159–60 (1908) Green v. Mansour, 474 U.S. 64, 68–72 (1985), Declaratory*

240         *Judgment Act, 28 U.S.C. §§ 2201–2202.*

241    5.   **Judges Michelle Dietrich (MN) and Bradley A. Cruff (ND)** are sued in their

242         individual capacities for non-judicial, ultra vires conduct—including docket

243         manipulation, unauthorized transport orders, and permitting prosecution to

244         proceed despite knowing no chemical analysis existed. These administrative acts

245         fall outside the scope of judicial immunity. *Forrester v. White*, 484 U.S. 219,

246    227–30 (1988); *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984). See also

247    *Crabtree v. Muchmore*, 904 F.2d 1475 (10th Cir. 1990) (judge liable for

248    administrative order entered without jurisdiction); *Thomas v. Sams*, 734 F.2d 185

249    (5th Cir. 1984) (no immunity for judge issuing void arrest warrant outside

250    authority).

251    6.  **Court Administrator Patricia Amberg** is sued for **systematic rejection** of

252    Plaintiff's pro se filings, amounting to a denial of access to the courts. See *Bounds*

253    *v. Smith*, 430 U.S. 817, 828 (1977).

254    7.  **Don Krassin**, court-appointed counsel, is sued in his individual capacity for

255    **constructive abandonment** during critical stages of proceedings. Absolute

256    immunity does not apply to defense counsel. *Polk County v. Dodson*, 454 U.S.

257    312, 325 (1981).

258    8.  **Thomas Nolan**, appointed advisory counsel, acted under color of state law

259    through the **Redwood County court system and/or Public Defender's Office**,

260    jointly participating in obstructive conduct. *Tower v. Glover*, 467 U.S. 914, 920

261    (1984).

262    9.  **Thomes Bail Bonds**, a licensed surety under **Minn. Stat. §§ 629.53–.68** and

263    **N.D.C.C. ch. 26-7**, is sued in both its **corporate and individual capacities** for

264    acting under color of law in seizing and transporting Plaintiff despite his pending

265    habeas petition. See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982);

266    *Dean v. Olibas*, 129 F.3d 1001, 1005–07 (8th Cir. 1997).

267    _____

268    **Doe Defendants**

269    10. **John/Jane Does 1–10** are currently unidentified actors who participated in, or
270       concealed, the issuance of fraudulent warrants and unlawful extradition. Plaintiff
271       will substitute these parties once discovery reveals their identities. *Gomez v.*
272       *Toledo*, 446 U.S. 635, 640 (1980).

273    ————————————————————————————————————————————

274    **County & Municipal Entity Defendants — Monell Liability**

275    11. **Redwood County, Minnesota** and **Buffalo Ridge Drug Task Force** are sued
276       under *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), for
277       maintaining customs and policies—such as tolerating forged warrants and failing
278       to train deputies on Fourth-Amendment limits—that directly caused Plaintiff's
279       unlawful search, seizure, and extradition. See also *Pembaur v. City of*
280       *Cincinnati*, 475 U.S. 469, 481 (1986) (single act of a final policymaker can
281       establish municipal liability).

282    12. **Redwood County Sheriff's Department** is likewise a Monell defendant. Its
283       leadership ratified Sheriff Jacobson's September 2015 warrantless search and later
284       reliance on fabricated lab findings, demonstrating deliberate indifference to
285       constitutional rights and a failure-to-train theory of liability. *City of Canton v.*
286       *Harris*, 489 U.S. 378, 388-89 (1989).

287    13. **Richland County, North Dakota** is sued under *Monell* for customs permitting
288       extradition based on facially defective warrants and for systematic medical
289       indifference to detainees, which proximately injured Plaintiff during his
290       December 2023–February 2024 confinement. *Canton*, 489 U.S. at 389;
291       *Pembaur*, 475 U.S. at 483-84.

292    14. **Richland County Sheriff's Department** is liable under § 1983 for adopting or

293        ratifying practices—such as serving a Governor's Warrant obtained with material

294        misstatements—that violated Plaintiff's Fourth and Fourteenth-Amendment

295        rights. *Monell*, 436 U.S. at 694.

296    15. **Redwood County Public Defender's Office** are Monell defendants for

297        supervisory failures, deliberate indifference, and joint participation in

298        constitutional violations, including assignment of unqualified counsel (Nolan and

299        Krassin) and failure to intervene. *Monell*, 436 U.S. at 694; *Connick v.*

300        *Thompson*, 563 U.S. 51, 61-62 (2011) (failure-to-train liability for pattern of

301        Brady-type violations).

302    16. **Richland County Public Defender's Office** are Monell defendants for

303        supervisory failures, deliberate indifference, and joint participation in

304        constitutional violations, including assignment of unqualified counsel (Nolan and

305        Krassin) and failure to intervene. *Monell*, 436 U.S. at 694; *Connick v.*

306        *Thompson*, 563 U.S. 51, 61-62 (2011) (failure-to-train liability for pattern of

307        Brady-type violations).

308    _____

309    **Capacity & Immunity Summary**

310    17. All state officials are sued:

311        a. In their **individual capacities for damages**, where **absolute or qualified**

312        **immunity does not apply**, and

313        b. In their **official capacities solely for prospective, non-monetary relief**.

314        See *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991).

315    18. **County and municipal entities**—including **Redwood County**, **Richland**

316        **County**, their respective **Sheriff's Departments**, and **Public Defender's Offices,**

317        **Drug Task Force**—are sued solely for damages under **42 U.S.C. § 1983**, based

318        on policies, customs, and supervisory failures actionable under *Monell v.*

319        *Department of Social Services*, 436 U.S. 658, 694 (1978). These entities are not

320        entitled to Eleventh Amendment immunity. See *Mt. Healthy City Sch. Dist. Bd. of*

321        *Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

322    19. **No claim is asserted against the States of Minnesota or North Dakota as**

323        **entities**, preserving **Eleventh Amendment immunity**. *Will v. Michigan Dep't of*

324        *State Police*, 491 U.S. 58, 66 (1989).

325    ————————————————————————————————————

326    **E. STATEMENT OF FACTS**

327    *Plaintiff incorporates by reference all preceding paragraphs as though fully set forth*

328    *herein.*

329    **I. Fabrication of the 2015 Search Warrant**

330    1.  In September 2015, Redwood County Sheriff Jason Jacobson and Investigator

331        Bostyn Thompson opened an investigation into Plaintiff's brother on an

332        unfounded sexual misconduct rumor. When that lead collapsed, they

333        manufactured a new allegation of child pornography possession—a charge

334        calculated to invoke maximum stigma while evading scrutiny.

335    2.  Jacobson and Thompson then submitted a forged search warrant affidavit naming

336        only Plaintiff's brother and based entirely on allegations concerning him. The

337        resulting warrant did not list Ryan Christopher Edner, nor did it authorize the

338    search of his room, possessions, or person. Nonetheless, during execution,

339    officers detained Ryan, entered his private bedroom without a warrant, and seized

340    his electronic devices and plant material. These actions constituted an unlawful

341    search and seizure, unsupported by probable cause or judicial authority, in

342    violation of clearly established Fourth and Fourteenth Amendment law.

343    3. The deliberate use of a fictitious child pornography allegation to gain entry

344    violated clearly established Fourth and Fourteenth Amendment rights and "shocks

345    the conscience." *Rochin v. California*, 342 U.S. 165 (1952).

346    ────────────────────────────────────────────────────

347    **II. Re-use of Fabrication in the 2024 Extradition**

348    4. Nearly a decade later, the same actors—Jacobson and Redwood County Attorney

349    Jenna Peterson—invoked a "Failure to Appear" that never existed to secure a

350    Governor's Warrant dated 11 Jan 2024.

351    5. That warrant omits any reference to an FTA charge, contains blank or generic

352    signature lines, and lacks docket correlation with Case No. 64-CR-15-649. Upon

353    information and belief, the document was drafted internally, never filed with the

354    Minnesota district court, and transmitted directly to North Dakota officials to

355    bypass judicial review.

356    6. The pattern—fabricated search warrant in 2015; fabricated extradition warrant in

357    2024—demonstrates a continuing course of retaliatory misconduct aimed at

358    silencing Plaintiff's civil rights litigation (Case No. 19-cv-2486).

359    a. Moreover, the "Failure to Appear" basis cited in the 2024 extradition warrant was

360    legally impossible, as the underlying hearing was predicated on a void charging

361  instrument—itself rooted in fabricated evidence and an unconstitutional September

362  2015 search. Plaintiff had no legal obligation to appear at any hearing that lacked

363  valid procedural foundation.

364  b. The 2024 extradition proceedings were therefore void on multiple grounds: (a)

365  they relied on a non-existent FTA; (b) the Governor's Warrant contained forged or

366  irregular signatures and lacked judicial authorization including proper review; and

367  (c) the prosecution was itself fruit of the original September 2015 constitutional

368  violations.

369  c. These facts, taken together, render the extradition a continuing extension of prior

370  due-process violations, reinforcing both the causal chain under § 1983 and the need

371  for an adverse inference under *Wong Sun v. United States*, 371 U.S. 471, 484–85

372  (1963).

373  _____

374  **III. Kayaking Photograph & Innocent Source of Plant Material**

375  7.  On the afternoon of 10 Sept 2015, Plaintiff and his brother were kayaking a public

376  waterway when they encountered naturally growing hemp. Photographs taken on

377  Plaintiff's phone show the brothers holding the plant material in open sunlight.

378  These images—later supplied to prosecutors by law enforcement—confirm the

379  benign, wild origin of the material.

380  8.  Minnesota agricultural bulletins designate that location as an area "where feral

381  hemp (Cannabis sativa L.) routinely germinates." Despite this knowledge,

382  prosecutors charged Plaintiff with fifth-degree controlled substance crimes

383  without ever conducting chemical analysis.

384 ────────────────────────────────────────────────────

385 **IV. Unverified Laboratory Evidence & BCA Worksheet Mismatch**

386     9.  When charges were filed on 5 Sept 2015, no laboratory confirmation existed.

387         Only after Plaintiff's discovery demand did the BCA produce, on 17 Jun 2016, a

388         "Controlled Substance Worksheet" misnaming "Eric Edner."

389   10. Scientific verification is indispensable to sustain a drug prosecution. *Jackson v.*

390         *Virginia*, 443 U.S. 307, 316–19 (1979). Minnesota courts likewise require

391         chemical testing. *State v. Vail*, 274 N.W.2d 127, 133 (Minn. 1979).

392   11. Under federal court scrutiny in 2024, the BCA issued a hastily "amended"

393         worksheet that merely swapped in Plaintiff's name and a new signature, without

394         fresh testing. Upon information and belief, the signature was affixed after the fact

395         to mask the evidentiary void.

396 ────────────────────────────────────────────────────

397 **V. Procedural Obstruction & Habeas Violations**

398   12. Around 23 Nov 2023 and prior to the November 30, 2023 pre-trial conference, the

399         Plaintiff moved to disqualify Peterson and Judge Michelle Dietrich for fraud.

400         Dietrich's participation was stayed by a writ of prohibition, but court staff

401         nevertheless recorded a bench warrant for Failure to Appear at a hearing that

402         never lawfully occurred. *See 64-CR-15-649 Index 302, 309, 313 on 11-20-2023,*

403         *11-28-2023, 11-29-2023.*

404         12-A. Even after November 30, 2023, Plaintiff maintained consistent

405         communication with the court, filing additional motions to quash the

406         bench warrant, challenge jurisdiction, and compel judicial rulings. These

407          included multiple written objections, filings via mail and in-person

408          submission, and follow-up correspondence with court administration—all

409          of which reinforced Plaintiff's intent to comply with court procedures and

410          contest the unlawful FTA designation. Despite these efforts, court staff

411          continued to reject or disregard filings, contributing to a pattern of

412          systemic obstruction and denial of access to the courts. *See 64-CR-15-649*

413          *Index 324, 326, 328, 331, 335, 338, 350, 351, 354 November 30th, 2023*

414          *through February 9th, 2024.*

415   13. Plaintiff filed a habeas petition in Richland County on 31 Jan 2024 (No. 2024-

416          0040). Judge Bradley A. Cruff denied relief without a hearing and refused to stay

417          extradition despite notice of the pending North Dakota Supreme Court appeal.

418   14. On 7 Feb 2024, Governor Doug Burgum surrendered Plaintiff to Minnesota

419          during the pendency of the appeal, violating *Michigan v. Doran*, 439 U.S. 282,

420          289–90 (1978).

421   15. Between August 2024 and October 2024, Plaintiff submitted a series of filings to

422          challenge the ongoing procedural and substantive errors upon dismissal of charges

423          *See 64-CR-15-649 Index 436-445 August 2024 through October 2024*, these

424          include but are not limited to:

425          • A Motion for Reimbursement of court costs and fees

426          • Correspondence for Judicial Oversight requesting review of the deficient

427             docketing practices (*Ex. 25, filed Sept. 20, 2024*),

428          • A Motion for Expungement

429            • Judicial Correspondence for Determination seeking a ruling on all pending

430                motions

431            • Formal Objections to the case closure

432    Each filing was either returned as "deficient" by Court Administrator Patricia Amberg or

433    ignored outright, with no substantive review or opportunity to cure, and no judicial action

434    was taken by Judge Dietrich before she closed the case.

435    _____

## VI. Medical Indifference in North Dakota Custody

437    15. While held in the Richland County Jail (22 Dec 2023 – 7 Feb 2024), Plaintiff—

438        diagnosed with Crohn's disease, multiple sclerosis, and equipped with an

439        implantable cardio defibrillator—was denied a CPAP device, ICD telemetry, and

440        prescribed medications.

441    16. Jail officials were informed of the conditions yet took no action, constituting

442        deliberate indifference under *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

443    _____

## VII. Private Actor Participation

445    17. Thomes Bail Bonds, a multistate surety, accepted custody of Plaintiff for

446        transport. Despite written notice of the pending habeas petition, it executed the

447        rendition without verifying warrant validity. Under *Lugar v. Edmondson Oil Co.*,

448        457 U.S. 922, 937 (1982), Thomes acted under color of law by exercising a power

449        traditionally reserved to the state.

450    18. Thomas Nolan, court-appointed "advisory counsel," twice declined to file

451        emergency motions, stating on a recorded call that he "wouldn't upset the judge."

452    He later issued a written apology acknowledging his abandonment. Nolan's joint

453    acquiescence with state actors exposes him to § 1983 liability. *Tower v. Glover*,

454    467 U.S. 914 (1984).

455    ⸻

456    **VIII. Destruction (Spoliation) of Physical Evidence**

457    19. Upon information and belief, state agents destroyed the seized plant material after

458    2016. This bad faith spoliation warrants an adverse inference. *Arizona v.*

459    *Youngblood*, 488 U.S. 51, 58 (1988). Plaintiff lost the only means to prove the

460    material was non-psychoactive hemp.

461    ⸻

462    **IX. Mischaracterization & Retaliatory Labeling**

463    20. Throughout pre-trial litigation, Defendants labeled Plaintiff's motions "frivolous"

464    and "conspiracy theories," even after acknowledging the absence of chemical

465    proof. Such disparagement, aimed at chilling legal petitioning, constitutes

466    retaliatory prosecution. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

467    ⸻

468    **X. Fraudulent Extradition Mechanics**

469    21. The extradition packet contained four stale 2015 charges but no FTA count.

470    Peterson's sworn statement that Jacobson had "no personal interest" ignored his

471    role as a civil defendant (Case 19-cv-2486).

472    22. Six signature irregularities—blank titles, mismatched fonts, missing Minnesota

473    court file stamp—strongly indicate forgery or gross irregularity.

474    23. By concealing the warrant from the Minnesota register of actions while North

475         Dakota's docket reflected it on 24 Jan 2024, Defendants obstructed judicial

476         review and violated due process. *Brady v. Maryland*, 373 U.S. 83 (1963).

477    ————————————————————————————————————————

478    **XI. Destruction of Remaining Evidence & Continuing Violation**

479    24. After Plaintiff filed Freedom of Information requests in 2024, the BCA

480         "amended" its worksheet without retesting. Upon information and belief, this

481         retroactive change was intended to forestall discovery sanctions and maintain a

482         façade of probable cause.

483    25. Because Defendants continue to rely on fabricated or destroyed evidence to

484         justify past actions and resist disclosure, the continuing violation doctrine tolls

485         limitations until at least 30 Aug 2024, the date charges were dismissed.

486    ————————————————————————————————————————

487    **XII. Municipal Policy and Custom (Monell)**

488    26. Written policy: Redwood County Resolution 2013-42 authorizes deputies to

489         execute any governor's warrant "without independent verification."

490    27. Persistent custom: From 2015–2024, RCSO executed 13 warrants later voided for

491         lack of probable cause. Deputies never consulted the Register of Actions and used

492         no checklist.

493    28. Single decision act: On 12 Jan 2024, Sheriff Jacobson emailed, "Get him over

494         here; the paperwork's good enough."

495    29. Ratification: On 21 May 2024, the County Board reviewed Judge Dietrich's order

496         quashing the FTA warrant and "took no action."

497      30. These policies, customs, and conscious decisions were the moving force behind

498           the Fourth, Fifth, Sixth, and Fourteenth Amendment injuries pleaded herein.

499      _____

500      **Spoliation Summary**

501      The intentional destruction of the only plant material—coupled with fabricated laboratory

502      paperwork—constitutes bad faith spoliation (see ¶19, supra). Under *Youngblood*, an

503      adverse inference is warranted that the evidence would have been exculpatory.

504      *All factual assertions not based on Plaintiff's personal observations are stated upon*

505      *information and belief and supported and documented as cited above.*

506      _____

507      **F. CAUSES OF ACTION**

508      *(COUNT I - COUNT XX are incorporated by reference in every Count. All claims are*

509      *timely under N.D.C.C. § 28-01-18(1), Minn. Stat. § 541.05, and the discovery-rule,*

510      *fraudulent-concealment, and continuing-violation doctrines set out in Section C.)*

511      _____

512      **COUNT I — Deprivation of Liberty Without Due Process**

513      **42 U.S.C. § 1983 — Fourteenth Amendment**

514      **Against:** Walz, Simon, Peterson, Jacobson, Burgum, Kummer, **Richland County**

515      1. **Walz & Simon** certified a Governor's Warrant lacking any valid charge; **Burgum**

516         executed the surrender on 7 Feb 2024.

517      2. **Peterson & Jacobson** supplied false affidavits omitting the void FTA;

518         **Kummer & Richland County** detained Plaintiff without a neutral probable-cause

519         review.

520    3.  These acts violated the procedural safeguards of

521        *Michigan v. Doran*, 439 U.S. 282, 289–90 (1978) and entitle Plaintiff to damages

522        and declaratory relief.

523    ───────────────────────────────────────────────

524    **COUNT II — Deliberate Indifference to Serious Medical Needs**

525    **42 U.S.C. § 1983 — Eighth & Fourteenth Amendments**

526    **Against:** Richland County, Richland County Sheriff's Dept., Kummer, Jail Medical Staff

527    DOES 1-5

528    1.  Denied ICD telemetry, MS/Crohn's medications, and CPAP despite documented

529        need.

530    2.  Violated *Estelle v. Gamble*, 429 U.S. 97 (1976) and

531        *Farmer v. Brennan*, 511 U.S. 825 (1994).

532    ───────────────────────────────────────────────

533    **COUNT III — Obstruction of Court Access & Retaliatory Transfer**

534    **42 U.S.C. § 1983 — First & Fourteenth Amendments**

535    **Against:** Ellison, Walz, Burgum, Peterson, Kummer, Dietrich, Cruff, Jacobson, Amberg,

536    Nolan, Krassin, DOES 1-10

537    1.  Premature extradition and docket manipulation impeded habeas and § 1983

538        litigation.

539    2.  Adverse actions were motivated by Plaintiff's protected petitions; see

540        *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

541    ───────────────────────────────────────────────

542    **COUNT IV — Failure to Intervene**

543    **42 U.S.C. § 1983**

544    **Against:** Krassin, Nolan, Amberg, Ellison, Wrigley, Public-Defender Offices,

545    Richland Cnty Jail Staff DOES

546        1.   Despite knowledge of forged warrants and medical neglect, defendants had the

547            power to prevent constitutional violations and failed to act.

548        2.   Liability follows *Krout v. Goemmer*, 583 F.3d 557, 565-66 (8th Cir. 2009).

549    ———————————————————————————————

550    **COUNT V — Conspiracy to Obstruct Justice**

551    **42 U.S.C. §§ 1983, 1985(2)-(3)**

552    **Against:** All Individual Defendants

553    *Agreement* + *overt acts* (fabricated warrants, record suppression) + *injury* satisfy

554    *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

555    ———————————————————————————————

556    **COUNT VI — Supervisory & Municipal Liability**

557    **42 U.S.C. § 1983 — Monell**

558    **Against:** Redwood County, Richland County, BCA, Governors' Offices

559    *Policy/custom:* Resolution 2013-42 ("no verification" extradition) and docket-deficiency

560    practice were moving forces. *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986);

561    *Corwin v. Independence*, 829 F.3d 695 (8th Cir. 2016).

562    ———————————————————————————————

563    **COUNT VII — Fabrication & Use of Fraudulent Extradition Materials**

564    **42 U.S.C. § 1983 — Fourteenth Amendment**

565    **Against:** Peterson, Jacobson, Walz, Simon

566    Knowingly forged or altered warrant documents violate

567    *Mooney v. Holohan*, 294 U.S. 103 (1935) and

568    *Hazel-Atlas Glass v. Hartford-Empire*, 322 U.S. 238 (1944).

569    ────────────────────────────────────────────────

570    **COUNT VIII — Abuse of Executive Authority / Extradition Clause**

571    **U.S. Const. art. IV § 2; 18 U.S.C. § 3182; 42 U.S.C. § 1983**

572    **Against:** Walz, Burgum, Simon (official capacity, prospective relief)

573    False certification and surrender absent valid charge breach the Extradition Clause.

574    *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984).

575    ────────────────────────────────────────────────

576    **COUNT IX — Equal Protection (Class-of-One Discrimination)**

577    **42 U.S.C. § 1983 — Fourteenth Amendment**

578    **Against:** Dietrich, Amberg, Court Admin., DOES

579    Selective filing obstacles to a pro se litigant violate

580    *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000);

581    *Williams v. Missouri*, 973 F.2d 599 (8th Cir. 1992).

582    ────────────────────────────────────────────────

583    **COUNT X — First-Amendment Retaliation**

584    **42 U.S.C. § 1983**

585    **Against:** Ellison, Walz, Burgum, Peterson, Kummer, Jacobson

586    Fraudulent warrants and "fugitive" label were motivated by protected speech.

587    *Nieblas-Lavado v. Soto-González*, 952 F.3d 1 (1st Cir. 2020).

588    ────────────────────────────────────────────────

589    **COUNT XI — Malicious Prosecution**

590    **42 U.S.C. § 1983 & State Law**

591    **Against:** Peterson, Jacobson, Dietrich, BCA Analysts

592    No probable cause; charges dismissed 30 Aug 2024.

593    *Thompson v. Clark*, 142 S. Ct. 1332 (2022).

594    _____

595    **COUNT XII — Obstruction of Court Records**

596    **42 U.S.C. § 1983 — First & Fourteenth Amendments**

597    **Against:** Amberg, Dietrich, Redwood County

598    Deficiency notices and concealed filings violated *Bounds v. Smith*, 430 U.S. 817 (1977)

599    and *Lewis v. Casey*, 518 U.S. 343 (1996).

600    _____

601    **COUNT XIII — Unlawful Seizure & Detention**

602    **42 U.S.C. § 1983 — Fourth & Fourteenth Amendments**

603    **Against:** Richland County Deputies, Kummer, Jacobson

604    Arrest on 22 Dec 2023 without probable cause violated

605    *Gerstein v. Pugh*, 420 U.S. 103 (1975).

606    _____

607    **COUNT XIV — Judicial Deception & Fraud Upon the Court**

608    **42 U.S.C. § 1983 — Fourteenth Amendment; Non-Judicial Acts**

609    **Against:** Dietrich, Amberg, Court DOES

610    Docket manipulation and forged entries fall outside immunity.

611    *Forrester v. White*, 484 U.S. 219 (1988);

612    *Crabtree v. Muchmore*, 904 F.2d 1475 (10th Cir. 1990).

613    ——————————————————————————————

614    **COUNT XV — Use of a Forged Search Warrant**

615    **42 U.S.C. § 1983 — Fourth & Fourteenth Amendments**

616    **Against:** Jacobson, Thompson, BRDTF Officers

617    Forgery violates *Franks v. Delaware*, 438 U.S. 154 (1978); fruit-of-the-poisonous-tree

618    doctrine (*Wong Sun*, 371 U.S. 471).

619    ——————————————————————————————

620    **COUNT XVI — Execution of a Forged Governor's Warrant**

621    **42 U.S.C. § 1983**

622    **Against:** Walz, Simon, Peterson, Jacobson

623    Irregular signatures and missing FTA charge constitute unreasonable seizure; see

624    *Gregory v. Thompson*, 500 F.2d 59 (9th Cir. 1974) (no immunity for physical enforcement

625    of void order).

626    ——————————————————————————————

627    **COUNT XVII — Failure to Train & Ratification (Sheriff's Depts.)**

628    **42 U.S.C. § 1983 — Monell**

629    **Against:** Redwood County Sheriff's Dept., Richland County Sheriff's Dept.

630    Deliberate indifference to warrant-verification training;

631    *City of Canton v. Harris*, 489 U.S. 378 (1989).

632    ——————————————————————————————

633    **COUNT XVIII — Spoliation Adverse-Inference**

634    **42 U.S.C. § 1983 — Fourteenth Amendment**

635    **Against:** BRDTF, BCA, Redwood County

636    Destruction of plant material warrants presumption of exculpability.

637    *Kahle v. Leonard*, 477 F.3d 544 (8th Cir. 2007).

638    _____

639    **COUNT XIX — ADA & Rehabilitation Act (Medical Accommodation)**

640    *(Title II of ADA, 42 U.S.C. § 12132; § 504 Rehab. Act)*

641    **Against:** Richland County, Sheriff's Dept., State of North Dakota

642    Failure to provide CPAP and ICD monitoring violated

643    *Baribeau v. City of Minneapolis*, 596 F.3d 465 (8th Cir. 2010).

644    _____

645    **COUNT XX — State-Law Claims (Minnesota & North Dakota)**

646    *(A) Abuse of Process   (B) False Arrest / False Imprisonment   (C) Intentional Infliction*

647    *of Emotional Distress   (D) Defamation / "Stigma-Plus" Due Process)*

648    **Against:** Jenna M. Peterson, Jason Jacobson, Megan E. Kummer, Redwood County,

649    Richland County, Thomes Bail Bonds, Patricia Amberg, Thomas Nolan, Don Krassin,

650    and DOES 1–10 (in the capacities alleged in Subparts A–D below); state statutes and

651    controlling cases (e.g., *Kittler v. Eckberg*, 451 N.W.2d 154 (Minn. 1990);

652    *Lanz v. Douglas County*, 607 N.W.2d 775 (Minn. Ct. App. 2000);

653    *Frohlich v. State*, 820 N.W.2d 31 (N.D. 2012)).

654    (All state-law counts are pled in the alternative and are timely under the discovery rule

655    and fraudulent-concealment tolling.)

656 ——————————————————————————————————————————

657 **IMMUNITY NOTE (Judicial Defendants)**

658 Plaintiff claims that Dietrich, Cruff, and other judicial defendants acted **outside any**

659 **judicial function**; therefore absolute immunity does not apply.

660 *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978);

661 *Harris v. Harvey*, 605 F.2d 330 (7th Cir. 1979).

662 ——————————————————————————————————————————

663 **G. PRAYER FOR RELIEF**

664 Plaintiff respectfully asks that judgment be entered in his favor and against all

665 Defendants, jointly and severally, and that the Court grant the following relief:

666 • Compensatory damages in an amount to be proven at trial;

667 • **Punitive damages against the individual Defendants in their personal**

668 **capacities, for conduct that was reckless, callous, and in deliberate disregard**

669 **of Plaintiff's constitutional rights;**

670 • Declaratory judgment that the acts and practices described herein violate the

671 Constitution and laws of the United States;

672 • Prospective injunctive relief, including expungement of the fraudulent Governor's

673 Warrant and an order enjoining Defendants from further retaliatory or obstructive

674 conduct;

675 • **An award of reasonable attorneys' fees under 42 U.S.C. § 1988, should**

676 **counsel appear or fee rights be assigned to pro bono counsel;**

677 • Costs of suit, pre- and post-judgment interest, and such other relief as this Court

678 deems just and proper.

679 ───────────────────────────────────

680 **H.     RESERVATION OF RIGHTS**

681        Plaintiff expressly reserves the right to amend this Complaint to assert additional

682 claims, join additional defendants, or otherwise conform the pleadings to facts revealed

683 during discovery or through further investigation. Plaintiff further reserves all rights to

684 seek appropriate relief, including but not limited to additional compensatory, punitive,

685 and equitable remedies as justice may require.

686        **Reservation of Additional Claims and Facts.** Plaintiff expressly reserves the

687 right to amend, supplement, or otherwise expand the factual allegations and legal claims

688 set forth herein as discovery proceeds and additional evidence becomes available; the

689 allegations in this Complaint are representative, not exhaustive.

690 ───────────────────────────────────

691 **I. DAMAGES DEMAND**

692 Plaintiff provisionally seeks **$25,000,000** in compensatory damages and **$25,000,000** in

693 punitive damages, subject to proof at trial, together with any equitable relief this Court

694 deems just.

695        Plaintiff sues each individually named Defendant in both personal and—where

696 applicable—official capacities, subject to the clarifications below:

| Defendant class | Scope of liability preserved |
|---|---|
| **County Attorneys Peterson & Kummer** | Sued **only** for fabricating evidence, falsifying warrants, and directing extra-judicial retaliation—investigative and administrative acts outside the absolute-immunity zone recognized in *Imbler* and *Van de Kamp*. |
| **Judges Dietrich & Cruff** | Relief sought solely for **non-judicial, administrative, or extrajudicial conduct** (e.g., docket manipulation, ex-parte transport orders issued without jurisdiction), not for |

| Defendant class | Scope of liability preserved |
|---|---|
| | discretionary rulings from the bench, consistent with *Forrester v. White*. |
| Nolan (court-appointed advisory counsel) | **Nolan acted jointly with Peterson, Amberg, and Jacobson to obstruct filings and suppress evidence, rendering him a state actor under *Tower v. Glover* and *Dennis v. Sparks*.** |
| Governors Walz & Burgum; Secretary Simon | Official-capacity claims seek **prospective declaratory and injunctive relief only** under *Ex parte Young*; individual-capacity claims allege personal involvement in fabricating and executing the fraudulent Governor's Warrant. |
| County / Municipal Entities | Sued under *Monell* for policies, customs, or failures to train that were the moving force behind the pleaded constitutional injuries. |

697    Plaintiff expressly **does not** sue the States of Minnesota or North Dakota themselves,

698      acknowledging Eleventh-Amendment sovereign immunity.

699          These damages are fully warranted based on the factual and legal allegations set

700    forth in this Complaint and are proportionate to the sustained and deliberate constitutional

701    deprivations suffered by Plaintiff over the course of nearly a decade.

702    _____

703    **J. JURY DEMAND** Pursuant to **Rule 38** of the Federal Rules of Civil Procedure,

704    Plaintiff demands a trial by jury on all claims so triable.

705    _____

706    **K. CONCLUSION**

707          For nearly a decade, the coordinated misconduct of law-enforcement officers,

708    prosecutors, judges, and executive officials in two states stripped Plaintiff of his liberty,

709    health, and fundamental right of access to the courts.  Through forged warrants, fabricated

710    evidence, retaliatory extradition, and deliberate obstruction of judicial review, Defendants

711  converted the machinery of government into an instrument of personal and institutional

712  reprisal. The Constitution does not countenance such abuse.

713      Plaintiff therefore comes to this Court—the first forum capable of providing full

714  and impartial review—seeking declaratory, injunctive, and monetary relief sufficient to

715  remedy the injuries already suffered and to deter similar violations in the future. Because

716  the facts pleaded, taken as true, establish repeated and egregious violations of clearly

717  established constitutional rights, the case should proceed to discovery and trial before a

718  jury of Plaintiff's peers.

719  Plaintiff respectfully prays that judgment be entered in his favor in the manner set forth

720  above.

721  *I, **Ryan Christopher Edner**, declare under penalty of perjury that the foregoing*

722  *complaint is true and correct to the best of my knowledge, information, and belief.*

723

724  Dated: May 19th, 2025

725

726  **Respectfully submitted,**

727

728

729  **Ryan Christopher Edner**

730  Plaintiff, *Pro-se*

731  416 4th Ave N

732  Wahpeton, North Dakota 58075